UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACQUELINE D SIMON,

Plaintiff,

v.                                                    Case No. 23-cv-633-JPG

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on case management purposes as well as Plaintiff's pending motion for leave to proceed *in forma pauperis*. (Doc. 3). Plaintiff Jacqueline Simon ("Plaintiff") alleges Defendant Allstate Fire and Casualty Insurance Company ("Defendant") on April 1, 2019 "falsely reported a theft claim on plaintiff's homeowner's insurance policy to LexisNexis." (Doc. 2 at 5). Plaintiff has been denied homeowner's insurance coverage as a result. *Id*. Plaintiff is seeking actual damages for negative escrow since 2019 as well as punitive damages "more than $100,000 for negligence and emotional distress." *Id*. at 5.

An action filed by a non-prisoner who seeks leave to proceed in forma pauperis ("IFP") is screened pursuant to 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee that has been paid, § 1915(e)(2) compels the Court to dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). *See also Luevano v. Wal–Mart Stores, Inc*., 722 F.3d 1014, 1018 (7th Cir. 2013).

Plaintiff checks a box indicating this Court has jurisdiction based on federal question. Plaintiff also lists 15 U.S.C. § 1681 as the basis of federal question. Section § 1681 is Fair Credit

Reporting Act ("FCRA"). Entities that report consumer information to credit reporting agencies ("CRAs") are called "furnishers" of information, which are creditors, lenders, utility companies, and other entities with information about a consumer's credit who send such information to CRAs. 15 U.S.C. §§ 1681a, 1681s-2. Section 1681s-2(a) of the FCRA prohibits furnishers from reporting information about consumers to CRAs that the furnisher reasonably believes is incomplete or inaccurate. See 15 U.S.C. § 1681s-2(a). There is no private right of action for the wrongful reporting itself, *Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011), but Section 1681s-2(b) provides a cause of action where a furnisher fails to properly investigate a dispute over whether information it has provided is incomplete or inaccurate. *See, e.g., Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

In order state a claim for a violation of Section 1681s-2(b), a plaintiff must plausibly allege facts that, if proven would show that (1) the plaintiff disputed an inaccuracy by notifying a CRA, (2) the CRA contacted the furnisher to alert it to the dispute, and (3) the furnisher failed to adequately investigate and correct the allegedly inaccurate information in question. *See Westra*, 409 F.3d at 827; *Freedom v. Citifinancial*, LLC, 2016 WL 4060510, at *5 (N.D. Ill. 2016). Courts have held that "inaccurate" information, for the purposes of a complaint under the FCRA, includes both factually incorrect information and information that creates a misleading impression. *See Jackson v. Experian Info. Sols., Inc.*, 2016 WL 2910027, at *3 (N.D. Ill. 2016) (collecting cases). Plaintiff does not allege factual information sufficient to state a claim under the FCRA. It is unclear what the incorrect information was, and whether the furnisher failed to adequately investigate and correct the inaccurate information. Therefore, Plaintiff's claim fails to state a claim upon which relief may be granted.

Additionally, statute of limitations for a claim brought under FRCA is two years. *See* 15 U.S.C. § 1681p. Here, Plaintiff indicates Defendant reported the theft claim in April 2019. Additionally, it was aware of the false claim at least on or about March 2020. Almost three years have passed since that claim and therefore, without more, this action may be barred.

Additionally, the Court has reviewed Plaintiff's IFP application. A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Plaintiff's claim of indigency is not supported by the affidavit. Plaintiff's account in her checking and savings account as of February 22, 2023 is $2,100. Plaintiff is able to pay the $402.000 to file the case in this Court.

The Court hereby **DENIES** Plaintiff's Motion for IFP (Doc. 3) and **DISMISSES** without prejudice Plaintiff's Complaint based on the deficiencies listed above. The Court provides Plaintiff leave to refile an amended complaint, which is due by March 29, 2023. If Plaintiff does not file an amended complaint by March 29, 2023, the Court will enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  February 27, 2023**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**